UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10731-RGS

NIKOLAY SAYKIN

v.

ERIC HOLDER, et al.

MEMORANDUM AND ORDER

May 5, 2010

STEARNS, D.J.

For the reasons stated below, the petition for a writ of habeas corpus is DENIED WITHOUT PREJUDICE.

BACKGROUND

On April 29, 2010, Nikolay Saykin, an immigration detainee currently confined at the Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and paid the filing fee.  Saykin states that he was permitted entry into the United States on October 1, 1993, "as a refugee from Russia." Pet. ¶ 2.  He states that he was ordered removed on January 26, 2010 and that he did not appeal the removal order. He further represents that, because the Russian government does not possess documents confirming that he was ever a citizen of Russia, it is "highly unlikely that [he] will be deported in the reasonable foreseeable future."  Id. ¶ 4.  He alleges that, under 8 C.F.R. § 241.4, he is entitled to release because he is not removable to Russia, poses no threat to public safety, and he is not a flight risk.

DISCUSSION

A district court is not obligated to require a respondent to answer a habeas petition if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]."  28 U.S.C. § 2243 para 1.  In this case, Saykin has not presented a ground for habeas relief.

Section 1231 of Title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period."  8 U.S.C. § 1231(a)(1)(2).  The removal period begins upon the latest of the following:

(i)     The date the order of removal becomes administratively final.

(ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  Under 8 C.F.R. § 1241.1(b), (c), a removal order becomes final upon the detainee's waiver or appeal or upon the expiration of the time allotted for an appeal, if the detainee does not file an appeal within that time.[1]  An appeal of a removal order must be filed within thirty days of the removal order.  See 8 C.F.R. § 1003.38(b).

If the alien is not deported during the 90-day removal period, the alien may be released under continued supervision, see 8 U.S.C. § 1231(a)(3).  Under 8 U.S.C. § 1231(a)(6) ("§ 1231(a)(6)"), however, certain classes of aliens, including criminal aliens, may be detained beyond the 90-day removal period.  While § 1231(a)(6) does not explicitly

---

[1]The removal order may also be final under other circumstances, none of which appear to apply here.  See 8 C.F.R. § 1241.1(a), (d), (e).

limit the time period during which the Attorney General may detain an alien, the Supreme Court has held that due process considerations mandate that detention of criminal aliens under § 1231(a)(6) be limited "to a period reasonably necessary to bring about that alien's removal from the United States."  Zadvydas v. Davis, 533 U.S. 678, 689 (2001); see also Clark v. Martinez, 543 U.S. 371, 386-87 (2005) (applying Zadvydas to inadmissible aliens detained under § 1231(a)(6)).  For the sake of uniformity, the Court adopted a six-month period as the presumptively reasonable time period for accomplishing removal.  See Zadvydas, 533 U.S. at 701.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id. (emphasis added).  An alien awaiting removal who is being held in detention cannot assert a Zadvydas due process claim if he has been detained for less than six months past the date his removal order became final.  See, e.g., Okpoju v. Ridge, 115 Fed. Appx. 302 (5th Cir. 2004) (per curiam); Akinwale v. Ashcroft, 287 F.3d 1050, 1051-52 (11th Cir. 2002) (per curiam); Karim v. Cabral, 2007 WL 2746797, at *2 (D. Mass. Sept. 12, 2007) (Woodlock, J.); Deviatyn v. Gonzales, 2007 WL 2155725, at *2 (E.D. Cal. July 26, 2007); Zetouna v. Duran, 2007 WL 1799780, at *3 (M.D. Pa. June 20, 2007); Trujillo-Acosta v. United States Dep't of Homeland Sec., 2007 WL 1299442, at *2 (D.N.J. May 2, 2007).

Here, Saykin, by his own admission, has been held for less than six months past the date his removal order became final.  Therefore, despite Saykin's claim that removal to

Russia is impossible,[2] any claim under <u>Zadvydas</u> is not ripe for review.[3]  Further, it appears that Saykin has not even been held for the 90-day removal period authorized by 8 U.S.C. § 1231(a)(1)(2).  He states that he was ordered removed on January 26, 2010.  Because Saykin does not state that he waived his right to appeal, the court assumes that the removal order became final when the time to file an appeal had expired, on February 26, 2010.  The 90-day removal period does not expire until May 27, 2010.

The court denies the petition without prejudice.  If Saykin is being detained under § 1231(a)(6), he may bring another action if his detention continues past the six-month presumptively reasonable period and removal is still not reasonably foreseeable.  If Saykin is not subject to extended detention under § 1231(a)(6), he may bring an action after the 90-day removal period authorized 8 U.S.C. § 1231(a)(1)(2) has expired.  If Saykin chooses to bring another action, he should indicate whether he has submitted to the Headquarters Post-order Detention Unit of Immigration and Customs Enforcement  a request for release under 8 C.F.R. § 241.13(d)  (setting forth mechanism by which aliens detained under 8 C.F.R. § 241.4 beyond the 90-day removal period may seek release), and what action, if

---

[2]The court notes that, in some circumstances, the Attorney General may remove an alien to a country other than the alien's country of citizenship or the country the alien has designated for removal.  <u>See</u> 8 U.S.C. § 1231(b)(2)(E).

[3]While Saykin does not explicitly reference the <u>Zadvydas</u> decision in his petition, the court infers from the petition that Saykin is seeking relief under <u>Zadvydas</u> because he alleges that his removal is not reasonably foreseeable and he references 8 C.F.R. § 241.4, which concerns the continued detention of aliens held under § 1231(a)(6).

any, the government took on such a request or on any other request for custody review.[4]


## ORDER

For the foregoing reasons, the petition for a writ of habeas corpus is <u>DENIED</u>

<u>WITHOUT PREJUDICE</u> and this action is <u>DISMISSED</u>.




                          SO ORDERED.

                           /s/ Richard G. Stearns
                          UNITED STATES DISTRICT JUDGE

---

[4]While exhaustion of administrative remedies is not a jurisdictional prerequisite to a habeas action, a court may decline to exercise habeas jurisdiction if administrative avenues have not been exhausted.  See <u>Kaweesa v. Ashcroft</u>, 345 F. Supp. 2d 79, 97-98 (D. Mass. 2004) (reviewing cases).